```
UNITED STATES DISTRICT COURT                           USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                          DOCUMENT
------------------------------------------------------X ELECTRONICALLY FILED
ANGEL MELENDEZ,                                      : DOC #: _____
                                                     : DATE FILED: June 6, 2018
                        Plaintiff,                   :
                                                     :    17-cv-9161 (KBF)
        -v-                                          :
                                                     :    OPINION & ORDER
CABLEVISION SYSTEMS CORP.,                           :
                                                     :
                        Defendant.                   :
------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Plaintiff Angel Melendez ("Melendez" or "plaintiff") commenced this pro se action against his former employer Cablevision Systems Corp. ("Cablevision")[1] on November 21, 2017. (See Compl., ECF No. 1.) Plaintiff alleges, in sum, that Cablevision terminated his employment and failed to accommodate his disability after he suffered a work-related injury in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq., the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 et seq., and ostensibly[2] the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. (Id.)

Currently pending before the Court is Cablevision's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 17.) Plaintiff opposed that

---

[1] Cablevision has asserted that its proper corporate name is "Cablevision Systems New York City Corporation," not "Cablevision Systems Corp." (See Mem. of Law in Supp. of Def.'s Mot. ("Def.'s Mem.") at 1, ECF No. 20.) That apparent discrepancy does not affect the Court's analysis herein.
[2] The complaint does not explicitly allege a violation of the ADA, but it is well established that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and alterations omitted).

motion on or around April 24, 2018 (ECF No. 26-1)[3], and Cablevision replied on May 9, 2018 (ECF No. 27.)

For the reasons stated below, the Court hereby GRANTS Cablevision's motion to dismiss.

I.  BACKGROUND

The factual allegations recited herein are derived from plaintiff's complaint, and are presumed true for purposes of the pending motion to dismiss.

In 2012, during the course of his employment with Cablevision, plaintiff injured his lower back "performing a mandatory task." Plaintiff went to the emergency room and was subsequently referred to a back specialist, who informed plaintiff that he was eligible for back surgery "due to a nerve being pinch[ed] by a disc in [his] spin[e]." Following surgery, eight months elapsed before plaintiff "was feeling better," and approximately one-and-a-half years passed before plaintiff "was feeling like [himself]."

At some point following his first back surgery, plaintiff returned to work. Plaintiff remained working "at full capacity" until February 25, 2015, at which point he underwent a second surgery—a "bone fusion on [his] L4, L5" vertebrae. After the second surgery, plaintiff's doctor informed him that he could not return to work

---

[3] Plaintiff originally attempted to oppose Cablevision's motion on April 10, 2018 by sending an unsworn e-mail the Court. By Order dated April 18, 2018, the Court informed plaintiff that his unsworn e-mail would not be considered, and directed him to submit a signed declaration or affidavit in opposition not later than May 2, 2018. (ECF No. 25.) Plaintiff subsequently sent a notarized opposition to Cablevision's counsel on or around April 24, 2018, a copy of which was submitted in connection with Cablevision's reply. (See ECF No. 26-1.) Plaintiff did not send a copy of his notarized opposition to the Court, but the Court nonetheless has considered plaintiff's notarized letter (as submitted by Cablevision) as a proper opposition, and treats this mater as fully briefed.

2

for approximately one year unless he could work "light duty." Plaintiff alleges that Cablevision should have been able to provide "light duty" work for him since he previously "did about 8 month[s] of office work for [Cablevision]."

Approximately three months after plaintiff underwent the second surgery, Cablevision asked him to come back to work, even though Cablevision allegedly knew "that it was impossible for [plaintiff] to do that." Subsequently, a human resources representative from Cablevision called plaintiff and informed him that he was being "let go." Plaintiff asked why he was being let go, and the representative informed him that a "third vendor company" had recommended his employment be terminated. Plaintiff further inquired whether he was eligible for long-term disability, but the representative informed him that he had to wait five months to become eligible. When plaintiff Cablevision's corporate office the next day, he was told that he was "no longer a [Cablevision] worker," and therefore no further help could be provided.

Plaintiff commenced this action on November 21, 2017, alleging violations of the FMLA, NYSHRL, NYCHRL, and presumably the ADA. (See generally Compl.) Cablevision flied the pending motion to dismiss on March 27, 2018 (ECF No. 17), plaintiff opposed on or around April 24, 2018 (ECF No. 26-1), and Cablevision replied May 9, 2018 (ECF No. 27.)

## II. LEGAL PRINCIPLES

### A. Motion to Dismiss Standard

At the motion to dismiss stage, a court must construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001), as amended (Apr. 20, 2001). A complaint survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are merely consistent with a defendant's liability." Id. (internal quotation marks omitted). Application of this standard is "context-specific," and requires the reviewing court to "draw on its judicial experience and common sense." Id. at 679. The Court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (internal quotation omitted).

### B. Construction of Pro Se Complaints

It is well-established in this Circuit that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.

4

2006) (internal quotations and alterations omitted); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)) (noting that pro se litigants "generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest'"). That said, a pro se plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). Even though the Court is "obligated to draw the most favorable inferences" from the Complaint, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

    C.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "[i]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . . [that] form part of the same case or controversy under Article III of the United States Constitution." However, a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims

5

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

III. DISCUSSION

Having carefully considered the parties' respective submissions, the Court concludes that Cablevision's motion to dismiss must be granted in full. The Court's discussion is separated into analysis of plaintiff's federal claims, and the remaining state and local claims.

    A.    <u>Federal Claims</u>

        1.    The ADA

As an initial matter, plaintiff's ADA claim is time-barred. An ADA claim must be filed "within 90 days of the claimant's receipt of a right-to-sue letter from the [Equal Employment Opportunity Commission]." Stevenson v. N.Y. Dep't of Corrs., 489 Fed. Appx. 517 (2d Cir. 2012) (citing Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam)). Typically, "it is assumed that a mailed document is received three days after its mailing," and "it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown in the notice." Sherlock v. Montefiore Medical Center, 84 F.3d 522, 525-26 (2d Cir. 1996) (internal citations omitted).

6

Here, plaintiff's right-to-sue letter is dated August 9, 2017. (See Affirmation of Michelle E. Phillips ("Phillips Aff.") Ex. C, ECF No. 19-3.)[4] Assuming plaintiff received the right-to-sue letter three business days later, on August 14, 2017, plaintiff had until November 14, 2017 to file any ADA claim. As previously noted, plaintiff did not commence this action until November 21, 2017. Accordingly, plaintiff's ADA claim is time-barred, and must be dismissed absent some showing that plaintiff did not actually receive the right-to-sue letter until some later date. In the compliant, plaintiff alleges that he did not receive the right-to-sue letter until "[O]ctober of 2017." (See Compl. at 6.) But plaintiff's vague, conclusory statement is unsupported by any other factual allegations and insufficient to preclude dismissal under Twombly and Iqbal. Cf. Isaacson v. New York Organ Donor Network, 405 Fed. Appx. 552, 553 (2d Cir. 2011) (quoting Meckel v. Cont'l Rest. Co., 758 F.2d 811, 817 (2d Cir. 1985) (holding that "[t]he mere denial of receipt [of a document] does not rebut [the] presumption" that a document is received there days after mailing). Because plaintiff's ADA claim is time-barred, it must be dismissed on that basis alone.

---

[4] The full EEOC right-to-sue letter was not attached to plaintiff's complaint. However, it is well established that on a motion to dismiss, a court may take judicial notice of certain documents outside the pleadings, including, inter alia, "any statements or documents incorporated in [the complaint] by reference" and "documents that the plaintiff[] either possessed or knew about and upon which they relied in bringing the suit." See Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000) (internal citations omitted). Here, the complaint explicitly references the existence of the right-to-sue letter (see Compl. at 6), and it is clear that plaintiff both "knew about" and "relied [upon]" such letter in bringing this action. Indeed, the "Employment Discrimination Complaint" form that plaintiff completed and submitted specifically requests that the right-to-sue letter be attached to the complaint. Accordingly, the Court takes judicial notice of and has considered the EEOC right-to-sue letter in resolving this motion to dismiss.

7

Even if plaintiff's ADA claim was timely, however, the Court would still dismiss it under Fed. R. Civ. P. 12(b)(6). To state a claim for disability discrimination under the ADA, a plaintiff must sufficiently allege that: "(1) [the employer] is subject to the ADA; (2) he was a person with a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003) (citing Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 869-70 (2d Cir. 1998)). Here, plaintiff's threadbare allegations, which do not even describe the circumstances, nature, or severity of plaintiff's back injury, are plainly insufficient.

As previously noted, a complaint survives a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). And although the Court must construe pro se complaints liberally, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis, 618 F.3d at 170. Plaintiff alleges the he "got hurt performing a mandatory task," that he experienced "uncontrollable pain in [his] lower back," that "a nerve [was] pinch[ed] by a disc in [his] spin[e]," and that he had to undergo two separate surgeries. (See Compl. at 8.) But the complaint does not allege, even in a conclusory fashion, that this injury rendered plaintiff "disabled" under the ADA. Further, besides a vague and conclusory allegation that plaintiff's doctor would not allow him to engage in work

besides "light duty," the complaint does not even attempt to describe, for instance, (1) the nature of plaintiff's previous employment, (2) how plaintiff's injury impacted his ability to perform his job, (3) what "light duty" would constitute, or (4) how "light duty" differed from plaintiff's assigned responsibilities. Finally, the complaint does not even allege that plaintiff suffered an adverse employment action—e.g., termination—because of any disability. Indeed, the only allegation regarding the reasoning for plaintiff's termination is that "a third vendor company . . . recommended [Cablevision] not to continue" employing plaintiff; no reason is provided.

Put simply, plaintiff's allegations, as they currently stand, do not come close to stating a claim for disability discrimination under Twombly and Iqbal. Accordingly, even if plaintiff's ADA claim was timely, the Court would still dismiss it for failure to state a claim.

2. The FMLA

For similar reasons as described above, plaintiff's FMLA claim must be dismissed. The statute of limitations for FMLA claims is two or three years, depending on if the alleged violation was willful. 29 U.S.C. § 2617(c)(1)-(2). The action accrues on "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Violations are considered willful "if an employer either knew or recklessly disregarded whether its conduct violated the FMLA." Smith v. Westchester Cty., 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011) (citing Porter v. N.Y. Univ. Sch. Of Law, 392 F.3d 530, 531-32 (2d Cir. 2004)).

9

In the complaint, plaintiff alleges that he was terminated approximately three months after his second surgery, which he alleges took place sometime around February 25, 2015. (See Compl. at 8.) That means plaintiff was terminated sometime near the end of May 2015, giving him two years until the end of May 2017 to file any claim under the FMLA.[5] The complaint does not include anything that could be construed as an allegation that Cablevision's actions were "willful," and therefore an extension of the limitations period is not warranted here. Because plaintiff did not file the instant action until November 21, 2017, his FMLA claims are clearly time-barred and must be dismissed on that basis alone.

Even if plaintiff's FLMA allegations were timely, however, the Court would still dismiss them as insufficient to state a claim. To state a claim for interference under the FMLA, plaintiff must sufficiently allege that: "(1) [he] is an eligible employee under the FMLA; (2) [D]efendants constitute an employer under the FMLA; (3) [he] was entitled to leave under the FMLA; (4) that [he] gave notice to [D]efendants of [his] intention to take leave; and (5) [D]efendants denied [him] benefits to which [he] as entitled by the FMLA." Reilly v. Revlon, Inc., 620 F. Supp. 2d 524, 535 (S.D.N.Y. 2009). Here, plaintiff has made <u>no allegations whatsoever</u> regarding his eligibility for FMLA leave, requests for FMLA leave, or denials of FMLA leave. Indeed, as defendant correctly notes, the only mention of the FMLA in the complaint is "a check mark in the 'FMLA' box on page 4." (See Def.'s Mem. at

---

[5] The lack of precision in plaintiff's complaint makes it inherently difficult to calculate precise dates. However, because plaintiff's claims were filed well outside the limitations period, the lack of precision does not affect the Court's analysis herein.

10

10.) Accordingly, the complaint is clearly insufficient to state a claim under Twombly and Iqbal, and plaintiff's FMLA claim must be dismissed as a result.

B. State and Local Claims

By operation of this Opinion & Order, the Court has dismissed all of plaintiff's federal claims. In light of that, the Court declines to exercise supplemental jurisdiction over any potential state law claims, including those brought under the NYSHRL and NYCHRL. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon, 484 U.S. at 350 n.7.

IV. CONCLUSION

For the reasons stated above, Cablevision's motion to dismiss at ECF No. 17 is hereby GRANTED in full.

The Clerk of Court is directed to close all open motions and to terminate this action.

SO ORDERED.

Dated:    New York, New York
          June 6, 2018

_____
KATHERINE B. FORREST
United States District Judge

cc:

Angel Melendez
362 Parkland Cir.
Unit 103
Kissimmee, FL 34744
PRO SE